IN RE ELECTION OF COUNTY COMMISSIONER,
WRIGHT COUNTY.
LEO J. BARTHEL v. LOWELL ZACHMAN.

185 N. W. (2d) 277.

March 8, 1971—No. 42938.

*George C. Gubbins, Jr.,* for appellant.

*Feinberg, Mirviss, Meyers, Schumacher & Malmon* and *Robert H. Schumacher,* for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Peterson, Kelly, and Odden, JJ.

PER CURIAM.

Appeal from an order dismissing an election contest.

At the November 3, 1970, general election, Leo J. Barthel, the contestant, and Lowell Zachman, contestee, were opposing candidates for the office of county commissioner for the second district, Wright County. The county canvassing board reported that contestee received 1,706 votes and contestant, 1,274 votes, and declared contestee elected. As authorized by Minn. St. 209.02, contestant commenced this action in district court to invalidate the election on the ground that contestee violated provisions of our Fair Campaign Practices Act prohibiting any person from knowingly publishing false statements intended to affect the voting.[1]

In essence, contestant claimed (1) that a statement or letter, entitled "IN REBUTTAL to Mr. Barthel," published on October 31, 1970, in the Monitor Ad-News, an advertising shopper distributed by mail or house-to-house carrier, falsely declared that contestee, as a county commissioner, discriminated against a disabled war veteran serving as a deputy sheriff by not paying him a "full deputy's salary," that he refused to discuss the salary problem with the deputies, and that he wasted tax money by hiring another to "do his talking for him"; (2) that the statement or letter was signed by James F. Powers, deputy sheriff of Wright County, a supporter of contestee, and was so placed and printed in the shopper by Kenneth Jahnke, its owner and also a supporter of contestee, as to have the appearance of a paid political advertisement prepared and inserted by contestee; and (3) that the false statement was prepared, placed, published, and distributed with contestee's knowledge, consent, connivance, and want of good faith, and with intent to affect the outcome of the election. Contestee denied any participation

---

[1] Minn. St. 211.08, as modified by § 211.34 with respect to a violation by others than the candidate, and § 211.39, providing for forfeiture.

in the preparation, insertion, publication, or distribution of the advertisement, or any knowledge of it until after it appeared in the shopper.

The trial court, in obedience to § 209.04, advanced the trial of the contest and, with the agreement of the parties, limited evidence to the issue of contestee's participation, in recognition that such was the narrow issue raised by contestee's denial and that § 211.34 [2] of the Fair Campaign Practices Act does not intend that the successful candidate forfeit his office because of statements circulated by his friends and supporters in which he did not knowingly participate. [3] After contestant presented his evidence, consisting principally of the testimony of contestee, Powers, Jahnke, and other supporters of contestee, whom he was permitted without objection to cross-examine as adverse or hostile witnesses, he rested provisionally. Contestee then moved for dismissal on the ground of failure of proof. The court, after honoring the contestant's request for time to submit a brief, filed its order dismissing the contest. In a memorandum, made a part of the order, the court found and explained:

"The Contestant claims violation of M.S.A. 211.08. The sole basis is the letter or statement of one James Powers, a deputy sheriff, printed and distributed in an advertising circular or flyer put out by one Kenneth Jahnke. It was distributed by mail and hand in the Monticello area. At first glance it would appear that the Contestee Zachman might be responsible as Jahnke also published an advertisement for Zachman

[2] "When upon the trial of any action or proceedings under the provisions of this chapter, it shall appear from the evidence that the offense complained of was not committed by the candidate, or with his knowledge or consent, or was committed without his sanction or connivance, and that all reasonable means were taken by such candidate at such election, or were taken by or on behalf of the candidate, or that the offenses complained of were trivial or unimportant, and that in all respects his candidacy and election were free from all offensive or illegal acts, or that any act or omission of any candidate complained of arose from accidental miscalculation or from some other reasonable cause of like nature, and in any case did not arise from any want of good faith, and under the circumstances it seems to the court to be unjust that the candidate shall forfeit his nomination, position or office, then the nomination or election of such candidate shall not by reason of such offense complained to be void, nor shall the candidate be removed from nor deprived of his nomination, position, or office."

[3] Hawley v. Wallace, 137 Minn. 183, 163 N. W. 127.

on the same page that Powers' letter appeared. However, all of the testimony by the witnesses who had any knowledge of the incident, i.e., Powers, Zachman, and Jahnke, clearly established that Zachman was in no way responsible for the drafting, publication, or distribution of Powers' letter. The Contestant having the burden, his failure to prove this essential element makes further proceedings unnecessary." ·

The sole issue presented is whether the trial court's finding that contestee "was in no way responsible for the drafting, publication, or distribution of Powers' letter" is sustained by the evidence under well-established rules governing the scope of appellate review of findings of fact. Rule 52.01, Rules of Civil Procedure; Bank v. Egan, 240 Minn. 192, 60 N. W. (2d) 257.

Our review of the record compels the conclusion that the evidence is more than adequate to sustain the finding. Indeed, a contrary finding could not be sustained since the evidence fell far short of fulfilling contestant's burden to establish his claims. Even if it were assumed that any fact included in the statement was false and that Jahnke, in connivance with Powers, placed it in such a position in the shopper so as to deliberately mislead readers to believe that it had contestee's endorsement, the unimpeached testimony of contestee explaining his brief contact with Powers and Jahnke and denying knowledge of any details of Powers' contemplated advertisement or of its placement in the shopper clearly supports the court's determination that contestee "in no way" participated. While it may be, as contestant argues, that a successful candidate's "want of good faith" in failing to use "all reasonable means" to restrain supporters from publishing false statements against an opposing candidate might conceivably support a finding of intentional and culpable participation by a successful candidate, resulting in a forfeiture of his office within the contemplation of § 211.34, the evidence in this case simply does not support the argument.

Affirmed.